```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**KENNETH WELLINGTON,**

                              Petitioner,

          v.                                         CASE NO. 04-3234-RDR

**JOHN ASHCROFT, et al.,**

                              Respondents.

**O R D E R**

    This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. 2241.  Petitioner, a prisoner convicted in the District of Columbia and incarcerated in federal custody, commenced this action in the United States District Court for the District of Columbia.  That court transferred the matter to this court.  The matter now is ripe for review, and the court enters the following findings and order.

**Background**

    Petitioner contends the computation of his sentence by the Bureau of Prisons violated due process because no preliminary or revocation hearing was conducted to determine whether petitioner violated the conditions of parole or whether "street time" should be forfeited.

    Following an initial review of this matter, the court

directed petitioner to show cause why this matter should not be dismissed without prejudice due to his failure to exhaust administrative remedies (Doc. 12). Petitioner filed a response (Doc. 13) alleging that he fully exhausted administrative remedies. In support, he provided a grievance he submitted to the Central Office of the Bureau of Prisons dated February 9, 2002, with Case Number 252600.

The court then issued an order to show cause to respondents (Doc. 14). The Answer and Return filed by respondents (Doc. 17) seeks the dismissal of this action on the ground that petitioner did not properly exhaust administrative remedies because the final grievance he submitted was rejected as untimely. Respondents also assert that the issue presented in the administrative remedy submitted by the petitioner is not the same as the issue he presents in this action.

## Discussion

"A threshold question that must be addressed in every habeas case is that of exhaustion." Harris v. Champion, 15 F.3d 1538, 1554 (10th Cir. 1994). A petitioner proceeding under § 2241 is required to exhaust administrative remedies with respect to the claims asserted in the petition before presenting the claims to the district court. See Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986)(federal prisoners must exhaust administrative remedies before seeking habeas relief under §2241); Clonce v.

2

Presley, 640 F.2d 271, 273 (10th Cir. 1981)(per curiam)("Assuming [the asserted] claims are cognizable under a federal habeas corpus petition, petitioner must exhaust available administrative remedies before his challenge can be heard in federal court." (citations omitted)).

The record before the court shows the petitioner sought relief from the computation of his sentence in at least two administrative remedies:

Petitioner filed grievance #252600 at the institutional level on October 30, 2001, and relief was denied on November 9, 2001. He filed a regional appeal on January 18, 2002, and relief was denied on February 5, 2002. Petitioner next filed an appeal with the Central Office on April 2, 2002. The appeal was rejected as untimely and because petitioner failed to provide a copy of the regional appeal. Petitioner was notified that the appeal was due by March 7, 2002, but he was advised that he could resubmit the appeal with verification from staff that the failure to file the appeal in a timely manner was beyond his control. Petitioner refiled the appeal with the Central Office on May 2, 2002, but it was rejected as untimely on the same date due to his failure to submit the necessary verification. (Doc. 17, Attach., affidavit of James Crook.)

Petitioner filed grievance # 269957 on or about June 11,

3

2002.  (Doc. 17, Attach. 1, pp. 14-15.)  The regional appeal was denied on July 3, 2002, and the Central Office appeal was submitted on July 21, 2002, and denied on August 12, 2002.  (Doc. 18, Attach. 1 and 2.)

The court has examined the materials submitted by the parties and finds no evidence that the petitioner presented the claim raised in this action, namely, that the Bureau of Prisons could not properly compute his sentence without conducting a timely preliminary or revocation hearing, through the administrative grievance procedure.  Because such exhaustion is a prerequisite to habeas corpus review, the court concludes this matter must be dismissed without prejudice.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice.

IT IS FURTHER ORDERED petitioner's motions to stay (Doc. 22) and to expedite (Doc. 25) are denied as moot.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED:  This 20th day of June, 2006, at Topeka, Kansas.

>S/ Richard D. Rogers
>RICHARD D. ROGERS
>United States District Judge